## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GENE ALAN FAHR,**

           **Plaintiff,**

**v.**                                              **Case No:   6:13-cv-619-Orl-31GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

           **Defendant.**

_____

## REPORT AND RECOMMENDATION

The Plaintiff Gene Alan Fahr (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits.   Doc. No. 1.   On November 5, 2007, Claimant filed an application for disability benefits, alleging an onset of disability date as of February 17, 2004.   R. 201-11, 226.   Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards to the medical opinion evidence, specifically the opinions of the consultative examining physician, Dr. Alvan Barber; and Drs. Masson and Krupitsky, Claimant's treating physicians. Doc. No. 15 at 11-21.   For the reasons that follow, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.      BACKGROUND.

In *Fahr v. Astrue*, Case No. 6:11-cv-1621-Orl-28GJK, Claimant appealed to the District Court from an April 8, 2010, final decision of the Commissioner denying Claimant's application benefits.   *Id.* at Doc. No. 1; R. 9-22.   In that case, the Commissioner filed an unopposed motion

to remand the case to the Commissioner for the ALJ to "properly weight and state the weight given to [Claimant's] treating physicians."   R. 891.   On April 30, 2012, the Court entered an order granting the motion and remanding the case to the Commissioner for further proceedings.   R. 889-90.   On June 7, 2012, the Appeals Council entered an order remanding the case to the ALJ, stating that the ALJ decision "does not contain adequate evaluations of the treating physician opinions offered by Robert L. Masson, Jr. M.D. and Andrew Krupitsky, D.O., nor does it indicate the evidentiary weight assigned to these opinions."   R. 900.   Thus, the Appeals Council remanded the case to the ALJ with specific instructions to "explain the weight given to such opinion evidence."   R. 901.

On remand, after a hearing, the ALJ issued a new decision finding Claimant not disabled. R. 819-38, 847-88.   Claimant has appealed that decision to the District Court, arguing that the ALJ failed to apply the correct legal standards to the medical opinions of Drs. Barber, Krupitsky, and Masson.   Doc. Nos. 1, 15.

## II.   <u>ANALYSIS.</u>

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla — *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n. 3 (11th Cir. 1991).   The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*,

357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability.   In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy."   *Gaskin v. Commissioner of Social Security*, 533 Fed.Appx. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[1]   In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.   *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).   *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight.   *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary

[1]  In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.   *See* 11th Cir. R. 36-2.

> finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).

Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Anderson v. Astrue,* No. 3:12-cv-308-J-JRK, 2013 WL 593754 at *5 (M.D. Fla. Feb. 15, 2013) (ALJ must do more than recite a good cause reason to reject treating physician opinion and must articulate evidence supporting that reason) (citing authority); *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").

It is not uncommon for this Court to be presented with generalized statements from an ALJ that a treating physician's opinion, which contains limitations beyond those found by the ALJ, is inconsistent with their own treatment notes, unsupported by the record as a whole, or fails to document the type of findings one would expect if the claimant were disabled. The Court has routinely rejected such generalized statements as conclusory and insufficient to meet the obligation to establish good cause for giving a treating physician's opinion less than substantial or considerable weight, as well as the obligation to state with particularity the weight given to the physician's opinion and the reasons therefor. *Winschel*, 631 F.3d 1178-79. When such

generalized statements are unaccompanied by more specific statements and supporting record citations, the Court is unable to find that substantial weight supports the ALJ's decision.   *See Id.*

### A.  Dr. Barber.

On January 8, 2008, Claimant presented to Dr. Alvan Barber for a consultative physical examination.  R. 622-28.  After conducting a physical examination, Dr. Barber's impressions were: cervical degenerative disc disease, status post-laminectomy and fusion with neck pain; sleep apnea; high blood pressure; history of right carpal tunnel impingement pathology; history of fibromyalgia with 4 out of 18 positive trigger points; and tobacco abuse.  R. 625.  Dr. Barber opined that Claimant's impairments result in the following functional limitations:

> <u>Physical examination reveals claimant could be limited in walking and standing for long periods of time.</u>   Claimant could be limited in lifting and carrying heavy objects.   Symptoms could limit the claimant to activities that require the use of upper body movements and coordinated activities with hands.

R. 625 (emphasis added).   Thus, in addition to other limitations, Dr. Barber opined that Claimant "could be limited in walking and standing for long periods of time."   R. 625.

In her decision, the ALJ found at step-two of the sequential evaluation process that Claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine with neuropathy in the hands and shoulder; fibromyalgia; and hypertension.   R. 824. The ALJ determined that despite his impairments, Claimant retains the ability to perform the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the [ALJ] finds that the claimant has the [RFC] to perform less than the full range of light work. . . .   He can lift and/or carry 20 pounds occasionally and 10 pounds frequently.   He can lift no more than 10 pounds with the left non-dominant hand.   He must never climb ropes, ladders or scaffolds or climb, and he must avoid concentrated exposure to extreme cold and heat, wetness, humidity, fumes, odors, gases, poor ventilation and hazards, such as heights and machinery.

R. 827.   Thus, the ALJ's RFC limits Claimant to a reduced range of light work, which is limited only in terms of Claimant's ability to lift and carry with his left, non-dominant hand, and certain postural and environmental limitations.   R. 827.

The regulations provide that an individual who is capable of performing light work, must be able to do "a good deal of walking or standing."   20 C.F.R. §§ 404.1567(b) and 416.967(b). Social Security Rule 83-10 further provides that light work "requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday."   1983 WL 31251 at *5-6.   Other than the general limitation to light work, the ALJ's RFC imposes no additional limitations on the Claimant's ability to stand and/or walk.   R. 827.   Thus, the ALJ's RFC for light work necessarily includes the ability to stand and walk for up to six hours in an eight-hour workday.   *See* SSR 83-10.

In the decision, the ALJ provided a good summary of Dr. Barber's evaluation, including his opinion that "physical examination revealed [Claimant] could be limited in walking and standing for long periods of time. . . ."   R. 831.   Later in the decision, the ALJ states that she "accords considerable weight to the opinion[ ] of Dr. Barber. . . ."   R. 834.   Thus, the ALJ gave considerable weight to Dr. Barber's opinions, including the portion of his opinion finding that Claimant could be limited to standing and walking for long periods of time.   R. 834.

Claimant argues that Dr. Barber's opinion conflicts with the ALJ's RFC because the ALJ's RFC contains no limitations related to Claimant's ability to stand and walk.   Doc. No. 15 at 13. Thus, because the ALJ failed to explain why she gave considerable weight to Dr. Barber's opinions, but ultimately failed to adopt them without explanation, the ALJ erred by failing to comply with *Winschel's* particularity requirement.   Doc. No. 15 at 13.   The Commissioner argues that no error occurred because Dr. Barber's opinion does not conflict with the ALJ's RFC and

because Dr. Barber does not define what he means by "long periods of time."   Doc. No. 18 at 13-14.

In *Williams v. Commissioner of Social Security*, Case No. 13-cv-464-Orl-36DAB, 2014 WL 412566 at *3-4 (M.D. Fla. Feb. 4, 2014), Magistrate Judge David A. Baker was presented with a similar situation where the ALJ's RFC found that the claimant could walk for six hours in a 8-hour workday, but Dr. Barber provided a consultative examining opinion that the claimant could not walk long distances.   *Id.*   Magistrate Judge Baker rejected the Commissioner's argument that the ALJ's RFC was consistent with Dr. Barber's opinion, finding that walking "[s]ix hours out of an eight-hour day constitutes 'a long time.'"   *Id*. at *4.   The Court is persuaded by Magistrate Judge Baker's reasoning in *Williams*, and finds that, in this case, the ALJ's RFC conflicts with Dr. Barber's opinion that Claimant could be limited in standing and walking for long periods of time.   *Compare* R. 827 *with* R. 625.   Although the ALJ stated that she gave Dr. Barber's opinion "considerable weight," by not explaining the reasons why the ALJ chose not to adopt Dr. Barber's opinion that Claimant could be limited in standing and walking for long periods of time, the ALJ did not comply with *Winchel's* requirement that the ALJ state with particularity the weight given to medical opinion evidence and the reasons therefore. 631 F.3d at 1178-79.   In the absence of such a statement and an articulation of the reasons therefor, "it is impossible for [the Court] to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).   Accordingly, it is recommended that the Court find the ALJ committed reversible error with respect to Dr. Barber's opinion.   *See MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

## B. **Drs. Masson and Krupitsky**.

On September 29, 2005, after performing surgery on Claimant's cervical spine, Dr. Masson opined that: Claimant had reached maximum medical improvement; Claimant will always have a neck condition; and Claimant should take part in a spine wellness program with a "weight lifting restriction of nothing heavier than 10 pounds overhead." R. 501. Thus, Dr. Masson's opinion contains a more restrictive lifting limitation than that contained in the ALJ's RFC. *Compare* R. 501 *with* R. 827.

Dr. Krupitsky is Claimant's primary treating physician and, on December 30, 2008, he completed an RFC questionnaire based upon his physical examinations and an unspecified positive magnetic resonance imaging ("MRI") findings. R. 725-29; 1193-97. Dr. Krupitsky's opinion is far more restrictive in regard to Claimant's ability to sit, stand, walk, tolerate work related stress, lift and carry weight, twist, stop, crouch, and climb than the RFC ultimately adopted by the ALJ. *Compare* R. 725-29, 1193-97 *with* R. 827.

In the decision, the ALJ provides a good summary of Claimant's treatment records with Drs. Masson and Krupitsky, including their respective opinions. R. 828-833. With respect to their opinions, the ALJ states the following:

> The [ALJ] has considered and accords only some weight to the opinion of Dr. Krupitsky and finds that the doctor's own medical records are inconsistent with his opinions and do not bolster his opinion. The course of treatment that the doctor pursed was essentially routine and conservative in nature. The doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant and the doctor's opinion is without substantial support from the other evidence of record, which obviously renders it less persuasive. . . .
>
> The [ALJ] has considered the 10-pound weight lifting restriction imposed by Dr. Masson in September 2005 and notes this weight lifting restriction was recommended in combination with a wellness program. For that time, the restriction appeared to be temporary and appropriate and the claimant was referred to an orthopedic

> specialist.   However, the record reflects no ongoing treatment with
> Dr. Masson and there is no evidence that the claimant followed up
> with an orthopedic specialist as recommended.   Additional
> manipulative limitations are not given great weight for reasons
> discussed above but was considered in reducing the lifting
> requirements in the [RFC].

R. 834.   Thus, the ALJ afforded only some weight to Dr. Krupitsky's opinion because: 1) it is

inconsistent with his treatment records; 2) his treatment records do not bolster his opinion; and 3)

he relied too heavily on Claimant's subjective statements regarding his symptoms.   R. 834.   With

respect to Dr. Masson, the ALJ did not give his lifting restriction great weight because: 1) it

appeared to be a temporary restriction; 2) Dr. Masson provided no further treatment to Claimant;

and 3) there is no evidence that the Claimant followed up with an orthopedic specialist.   R. 834.

The ALJ's reasons for giving only "some weight" to Dr. Krupitsky's opinion are

conclusory and not supported by substantial evidence.   *See Poplardo v. Astrue*, No. 3:06-cv-1101-

J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence

contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*,

No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's

failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence'

renders review impossible and remand is required.").   While the ALJ did recite good cause

reasons to reject or give limited weight to Dr. Krupitsky's opinion, *i.e.*, that it is not supported or

bolstered by his treatment notes, the ALJ failed to articulate the evidence supporting those reasons.

*See Anderson v. Astrue,* No. 3:12-cv-308-J-JRK, 2013 WL 593754 at *5 (M.D. Fla. Feb. 15, 2013)

(ALJ must do more than recite a good cause reason to reject treating physician opinion and must

articulate evidence supporting that reason).   Furthermore, the ALJ's statement that Dr. Krupitsky

relied too heavily on Claimant's subjective statements is wholly conclusory.   Accordingly, it is

recommended that the Court find that the ALJ failed to demonstrate good cause, supported by substantial evidence, for giving only "some weight" to Dr. Krupitsky's opinion.

With respect to Dr. Masson, his opinion provides that Claimant has reached maximum medical improvement ("MMI") and that: "We discussed a spine wellness program, which I highly recommend with a weight lifting restriction of nothing heavier than 10 pounds overhead."   R. 501. Thus, Dr. Masson's opinion reflects that Claimant has achieved MMI and a spine wellness program with an overhead lifting restriction of 10 pounds is recommended.   *Id*.   Nothing referred to by the ALJ suggests that limitation is temporary.   R. 834.   Therefore, the ALJ's decision not to afford that opinion great weight, but then concluding that it contains only a temporary restriction is not supported by substantial evidence.   *See* R. 501, 834.   Accordingly, it is recommended that the Court find that the ALJ failed to identify good cause, supported by substantial evidence to find Dr. Masson's lifting restriction was temporary.[2]

## III.   <u>REMEDY</u>.

Claimant request a reversal for an award of benefits or, alternatively, a remand for further proceedings.   Doc. No. 15 at 21-22.   The evidence in this case is conflicting.   See generally R. 501, 619-50, 685-706, 1193-97, 1343-48.   While two treating physicians, Drs. Masson and Krupitsky, and an examining physician have provided opinions, which are more restrictive than the ALJ's RFC (*see* R. 501, 622-28, 725-29, 1193-97), other evidence suggest that Claimant is not so limited (*see* R. 619-21, 629-50, 685-706).   It is for the ALJ, not the Court, to properly weigh and resolve these conflicts in the evidence.   *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th

---

[2]  Claimant also argues that the ALJ erred by relying on the opinions of non-examining physicians to reach a decision in this case.   Doc. No. 15 at 19-21.   In light of the errors described above with respect to the treating and examining physicians, the case must be reversed and remanded for further proceedings and it is unnecessary to address that argument.

Cir. 2004) (court may not reweigh the evidence or substitute its opinion for that of the Commissioner).[3]  Accordingly, it is recommended that the Court find that a remand for further proceedings is warranted in this case.

**IV.    CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Court:

1.    **REVERSE and REMAND** the final decision of the Commissioner for further proceedings;

2.    Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 7, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record

The Honorable Janet Mahon
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.

---

[3]  Reversal for an award of benefits may be appropriate where the Claimant has suffered an injustice (*see Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982)), but there is no allegation of such an injustice in this case. Doc. No. 15 at 21-22.

Suite 300
Orlando, FL 32817-9801